UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TORIN SHOVER** | : | CIVIL ACTION |
| 408 N. 8th Street | : | |
| Petersburgh, IN 4756 | : | Docket No. |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| **READING ANTHRACITE COMPANY** | : | |
| 200 Mahantongo Street | : | |
| Pottsville, PA 17901 | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, Torin Shover, hereby alleges and states as follows:

## PARTIES

1. Plaintiff, Torin Shover, is an adult citizen and resident of the State of Indiana, residing at the above captioned address.

2. Defendant, Reading Anthracite Company ("Reading Anthracite"), is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a headquarters and/or principal place of business located at the above captioned address.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(3) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4. Jurisdiction is further proper within the Middle District of Pennsylvania as Defendant routinely and systematically conducts business within the Commonwealth of Pennsylvania so as to purposefully avail itself to the jurisdiction of the Middle District of Pennsylvania.

1

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the instant claim occurred within the Middle District of Pennsylvania, specifically at the Defendant's Wadesville P-33 mine located at 85 W. Darkwater Road, Pottsville, PA 17901 ("Property").

**FACTS GIVING RISE TO THE ACTION**

6. At all times material hereto, Torin Shover was acting in the course and scope of his employment with T&E Welding, Inc. ("T&E Welding").

7. At all times material hereto, Defendant acted by and through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their agency, employment and/or authority and in furtherance of Defendant's business.

8. At all times material hereto, Defendant and T&E Welding were engaged in a project at the Property wherein Defendant contracted with T&E Welding to remove a pump at the Wadesville Shaft Pump House ("Project").

9. At all times material hereto, Defendant, either directly or through affiliated companies, jointly and severally, owned, managed, maintained, possessed and operated aspects of the Property and/or the work being done on the Project.

10. At all times material hereto, Torin Shover's employer, T&E Welding, was an independent contractor at the Project performing services including, but not limited to, welding and other activities related to the removal of the pump from the Wadesville Shaft Pump House.

11. At all times material hereto, Defendant, by and through its agents, servants, workmen and/or employees, performed coal mining operations at the Property including, but not limited to, ventilation of combustible gases.

12. As the owner, manager, maintainer, possessor and/or operator of the Property,

Defendant possessed knowledge and experience regarding the ventilation of combustible gases from the Property, and specifically from the pump shaft in in the Wadesville Shaft Pump House.

13. On or about August 31, 2018, Torin Shover was a business invitee and lawfully and properly working at the Project performing services, including, but not limited to, welding services.

14. At that time and place, Torin Shover was working on a landing above the floor surface of the Wadesville Shaft Pump House while several of his co-employees were using acetylene torches to burn and remove couplings from the pump drive shaft. Some hot slag from the aforesaid burning process fell down the pump shaft causing an ignition of combustible gases that had accumulated in the shaft. As a result of this ignition, a fireball came up through the shaft and engulfed Torin Shover causing him to suffer serious, painful and catastrophic injuries as more fully described herein below.

15. As a result of the aforesaid incident, Torin Shover suffered severe and permanent injuries including, but not limited to, 2nd degree burns to his face, ears, neck, hands, arms and legs with resulting scarring and other injuries, all of which may be permanent in nature.

16. As a result of the aforesaid incident, Torin Shover has suffered physical and emotional pain, discomfort, frustration, embarrassment, loss of enjoyment of life's pleasures, and an inability to attend to usual and daily activities and will continue to suffer the same for an indefinite time into the future.

17. As a further result of the aforesaid incident, Torin Shover has required and continues to require medical treatment in and about an effort to cure himself of his injuries and has incurred medical expenses, to his great detriment and loss, and may continue to require medical treatment for an indefinite time in the future.

18. As a further result of the aforesaid, Torin Shover suffered from lost wages and may continue to suffer from lost wages into the future as well as a loss of earning capacity.

19. Defendant employed and/or retained, or were obligated to employ field personnel, project supervisors and/or safety inspectors who inspected the work being performed by the contractors and subcontractors at the Project.

20. Defendant did not provide a safe work environment for plaintiff by failing to inadequately inspect and monitor the work performed, and by failing to prevent exposing plaintiff to the hazard of the ignition of combustible gases at the work site.

21. Defendant did not provide a safe work environment for plaintiff by failing to protect plaintiff from the hazard of the ignition of combustible gases at the work site.

22. As part of the project management and/or safety services provided, Defendant had a responsibility to adopt, promulgate and enforce proper, adequate and necessary and appropriate standards, guidelines and procedures for the establishment and maintenance of a safe workplace and ensure appropriate work site safety.

23. Defendant, having undertaken the inspection and supervision of the Project, owed a duty to those persons engaged in the performance of the work, including plaintiff, a business invitee, to provide a reasonably safe working environment, free from exposure to unreasonable hazards while performing services related to the Project.

24. Defendant designed, maintained and inspected, engineered, fabricated, supervised and/or established the specifications for the work-related materials and the performance of said work at the Project.

25. Defendant failed to enact or implement specific requirements to protect workers from the hazard of the ignition of combustible gases at the work site.

26. As part of its duties and responsibilities for workplace and work site safety on the Project, Defendant owed a duty to employees of T&E Welding who were working on the Project, including Torin Shover, to establish and maintain a workplace and work site that was free of dangerous and hazardous conditions and that was maintained in a safe manner.

27. As part of its duties and responsibilities for workplace and work site safety on the Project, Defendant owed a duty to employees of T&E Welding who working on the Project, including Torin Shover, to eliminate, guard against, warn against and/or protect against the hazard of the ignition of combustible gases at the work site.

28. Defendant knew or should have known of the dangerous and hazardous condition of the accumulation of combustible gases in the shaft of the Wadesville Shaft Pump House.

29. As the owner, manager, maintainer, possessor and/or operator of the Property, Defendant possessed superior knowledge and/or information of the dangerous and hazardous condition of the accumulation of combustible gases in the shaft of the Wadesville Shaft Pump House which placed it in a better position to appreciate the risk that said dangerous and hazardous condition posed to the employees of T&E Welding including Torin Shover.

30. Defendant failed to eliminate, guard against, warn against and/or protect against the hazard of the ignition of combustible gases at the work site.

## COUNT I – NEGLIGENCE
## TORIN SHOVER v. READING ANTHRACITE COMPANY

31. Plaintiff hereby incorporates the averments contained in the preceding paragraphs as though fully set forth herein at length.

32. Defendant, Reading Anthracite, by and through its agents, servants, workmen and/or employees, were careless and negligent as follows:

    a. failing to provide Torin Shover with a safe place in which to work;

5

b. failing to adequately inspect the Project for hazardous conditions;

c. failing to properly supervise the work at the Project;

d. failing to coordinate with other entities and contractors, including, but not limited to, Torin Shover's employer;

e. failing to design, maintain, engineer, fabricate, plan, plot, supervise and/or establish proper and adequate procedures to ensure that the work on the Project could be completed safely;

f. failing to properly train and supervise its employees and employees of contractors on the Project;

g. failing to warn Torin Shover, a business invitee, of the dangerous and hazardous conditions then and there existing upon the work site premises;

h. failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

i. violating and failing to comply with federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, be they administrative, industry-wide or otherwise pertaining to the performance of work on the Project;

j. failing to perform and furnish inspection and safety services in conformity with the standard of care then and there prevailing in the respective industries at the time these services were performed and furnished;

k. failing to properly supervise and inspect the work performed on the Project;

l. failing to perform a Safety Task Analysis;

m. failing to perform a Job Hazard Analysis ("JHA") and/or Job Safety Analysis ("JSA");

n. performing inadequate JHAs and/or JSAs;

o. failing to require and enforce a requirement that workers sign off on site specific safety rules;

p. failing to implement, require and enforce adequate design, inspection and safety plans for the Project;

q. failing to cease all work on the Project until proper and necessary precautions could be taken to safeguard employees including Torin Shover;

6

   r. exposing Torin Shover, a business invitee, to unreasonable risks and dangers by using inadequate planning, safety measures and inspections in an attempt to reduce costs;

   s. failing to provide workers, including Torin Shover, with appropriate protection from the hazard of the ignition of combustible gases at the work site;

   t. failing to have appropriate protection from the hazard of the ignition of combustible gases at the work site;

   u. using unsafe and inadequate protection from the hazard of the ignition of combustible gases at the work site;

   v. failing to properly protect workers, including Torin Shover, from the hazard of the ignition of combustible gases at the work site;

   w. failing to ensure that combustible gases were not ventilated and/or removed from the pump shaft in the Wadesville Shaft Pump House to below an amount and/or concentration that created a dangerous and hazardous condition for workers on the work site;

   x. failing to discover that combustible gases were not ventilated and/or removed from the pump shaft in the Wadesville Shaft Pump House to below an amount and/or concentration that created a dangerous and hazardous condition for workers on the work site;

   y. failing to warn workers on the work site that combustible gases were not ventilated and/or removed from the pump shaft in the Wadesville Shaft Pump House to below an amount and/or concentration that created a dangerous and hazardous condition for workers on the work site;

   z. failing to eliminate the dangerous and hazardous condition of the accumulation of combustible gases in the Wadesville Shaft Pump House;

   aa. failing to ventilate and/or remove combustible gases, prior to and during the work on the Project, from the pump shaft in the Wadesville Shaft Pump House to below an amount and/or concentration that created a dangerous and hazardous condition for workers on the work site;

   bb. failing to have sufficient and adequate personnel on the work site to discover that combustible gases were not ventilated and/or removed from the pump shaft in the Wadesville Shaft Pump House to below an amount and/or concentration that created a dangerous and hazardous condition for workers on the work site;

    cc. failing to adequately inspect the work site for the accumulation of combustible gases in the pump shaft of the Wadesville Shaft Pump House;

    dd. failing to properly and adequately survey the Project to ensure that work was performed in accordance with specifications;

    ee. allowing workers to be exposed to the hazard of the ignition of combustible gases while on the Project;

    ff. violating applicable MSHA and/or OSHA safety standards;

    gg. failing to implement appropriate protection plans and policies at the Project; and

    hh. failing to recommend, provide and enforce frequent inspections of the work area at the Project.

33. As a direct and proximate result of Defendant's negligence, Torin Shover was caused to suffer the injuries and damages as set forth above.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, plus interest, costs, and any and all other relief this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**LAW OFFICES OF ROBERT A. STUTMAN, P.C.**

*Jordan S. Friter /s/*
Jordan S. Friter, Esquire
Law Offices of Robert A. Stutman, P.C.
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
Phone: (215) 283-1177 x126
Fax: (215) 283-1188
E-Mail: friterj@stutmanlaw.com
*Attorneys for Plaintiff, Torin Shover*